Jeremy M. Dobbins, Esq. (SBN 320648)
LAW OFFICE OF JEREMY M. DOBBINS
1225 E. Divisadero, Third Floor
Fresno, California 93721
Telephone No.: (559) 306-6580
Facsimile No.: (559) 316-4070
Email: admin@jeremymdobbins.com

*Attorney for Plaintiff,* TRACY PITTS as Guardian Ad Litem for MARY PITTS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY PITTS as Guardian Ad Litem for MARY PITTS,<br><br>          Plaintiff,<br><br>     v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.<br><br>          Defendant. | **Case Number:**<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE, AND DECLARATORY RELIEF**<br><br>1. Violation of the Americans with Disabilities Act of 1990 – 42 U.S.C. §§12101 *et seq*. [ADA]<br>2. Violation of the Unruh Civil Rights Act [UCRA] – Cal. Civil Code §§51 *et seq*.<br>3. Violation of the California Disabled Person's Act [CDPA] – Cal. Civil Code §§54 *et seq*.<br>4. Negligence [*Negligence Per Se*]<br><br>**TRIAL BY JURY DEMANDED** |

**TO THE HORORABLE COURT:**

  COMES NOW Tracy Pitts as Guardian Ad Litem for Plaintiff, MARY PITTS, by and through her attorneys, alleging as follows:

# **PARTIES**

1. Plaintiff, MARY PITTS, (herein "Pitts" or "Plaintiff"), is a natural person and is a resident of Hanford, California. Plaintiff has disabilities that caused her to be injured when she was denied full and equal access while visiting Defendant's medical center in Hanford, California.

2. Defendant, QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC, (herein "Quest" or "Defendant"), is, and at all relevant times herein, a corporation authorized to do and doing

business in the State of California. Quest Diagnostics filed their application to register with the California Secretary of State as a foreign incorporation on September 20, 1999. Quest Diagnostics is a place of public accommodation.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's first claim under 28 U.S.C. §§1331 and 1343, as this action arises under federal civil rights laws. The Court has supplemental jurisdiction over Plaintiff's second, third, and fourth claims, which are based on state law, under 28 U.S.C. §1367.

4. Venue is proper under 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. On November 12, 2023, at approximately 11:00 a.m. Pitts, an 83 year old woman, visited Quest Diagnostics, located at 325 Mall Dr., Hanford, California for blood work purposes.

6. When Pitts attempted to open Quest's entrance door, she found that the door was unexpectedly heavy, which knocked her off balance.

7. As a result, Pitts fell back and hit her head on the pavement outside of the building.

8. Pitts had a disability that left her with a weak gait since her left hip replacement in June 2020.

9. Pitts' fall caused her to suffer a two-inch wide and a few centimeters deep laceration on the back of her head. She was diagnosed with a scalp laceration and closed head injury.

10. Other Quest Patrons saw Pitts fall and came to her aid; however, no Quest employees or personnel came to help her or check on her.

11. Pitts went to AMC Hanford Hospital where she received staples in her head to close the wound.

12. Since being examined again, subsequent examination by medical providers have determined that Pitts suffered a severe concussion from the fall.

13. Due to her disability at the time of the fall, Pitts was highly susceptible to injury. Family has reported that Pitts has had increased deficit in her short-term memory since her head injury.

14. On the day of the incident prior to this injury Quest had multiple violations of the American Disabilities Act ("ADA") and the California Disabled Persons Act ("CDPA"). These include but are not limited to an unsafe slope of the ground in the entry way, narrow door opening width, exit signs are at the wrong height, secondary door leaf exceeds allowable opening force, loose door mats, parking stalls and ramps exceed the applicable slope, and truncated dome spacing is non-compliant.

15. The structural deficiencies at Quest, were a substantial factor in Mrs. Pitts fall and injuries. In addition, these deficiencies were part of a nexus, that combined with Mrs. Pitts disabilities caused her to fall and be injured.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the Americans with Disabilities Act of 1990 – 42 U.S.C. §§12101 *et seq*. [ADA] [Pitts v. Quest]**

16. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 15 herein as if fully set forth herein.

17. ADA, 42 U.S.C. §§12101 *et seq*., guarantees that individuals with disabilities are provided equality of opportunity and freedom from discrimination.

18. Pitts at the time of the incident had a "disability" as defined in 42 U.S.C. §12102.

19. Defendant violated the ADA by denying Pitts "full and equal access".

20. Defendant failed to provide adequate and reasonable accommodations for people with disabilities, like Pitts, when they failed to provide code-compliant measures within their medical facility, therefore violating the ADA.

21. Defendant discriminated against Pitts based on her disability in the lack of accommodations provided to Pitts during her time on the premises.

22. A nexus between Defendant's access violation and Pitts's injuries occurred when Pitts, who suffers from a physical disability, was denied full and equal access to the Defendant's premises. Pitts suffered actual damages, specifically physical injury and emotional pain, as a result of Defendant's ADA violation.

23. Pitts is entitled to all relief available under 42 U.S.C. §§12101 *et seq*.

24. Pitts is entitled to reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. §§12101 *et seq.*

## SECOND CAUSE OF ACTION
### Violation of the Unruh Civil Rights Act [UCRA] – Cal. Civil Code §§51 *et seq.*
### [Pitts v. Quest]

25. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 24 herein as if fully set forth herein.

26. UCRA, Cal. Civil Code §§51 *et seq.*, guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever within the jurisdiction of the state of California.

27. Pitts is a "person" as defined in Cal. Civil Code §51(b).

28. Pitts has a "disability" as defined in Cal. Civil Code §51(e)(1).

29. Defendant is a "business establishment" as defined in Cal. Civil Code §51(b).

30. Defendant is systematically violating Cal. Civil Code §§51 *et seq.*

31. Pitts was entitled to the appropriate public accommodations and services provided at Defendant's retail store under UCRA.

32. Defendant's actions constitute intentional discrimination in violation of UCRA against Pitts based on her disability, because Defendant failed to make their entrance door safe according to the requirements of the ADA.

33. UCRA provides, *inter alia*, that a violation of the ADA also constitutes a violation of UCRA. (Cal. Civil Code §51(f).)

34. As a direct and proximate result of the actions of Defendant in violation of UCRA, Pitts fell causing her serious injury.

35. Pitts is entitled to general damages, special damages, and statutory damages including treble damages pursuant to Cal. Civil Code §52.

36. Pitts is also entitled to reasonable attorney's fees, costs of suit, and punitive damages.

///

///

**THIRD CAUSE OF ACTION**
**Violation of the California Disabled Person's Act [CDPA] – Cal. Civil Code §§54 *et seq*.**
**[Pitts v. Quest]**

37. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 36 herein as if fully set forth herein.

38. CDPA, Cal. Civil Code §§54 *et seq*., guarantees people with disabilities full and equal access to places of public accommodation.

39. Defendant is, and at all times mentioned was, the owner and operator of a retail store in Fresno, California.

40. Defendant operates a "place of public accommodation" that "individuals with disabilities shall be entitled to full and equal access, as other members of the public..." as defined in Cal. Civil Code §54.1(a)(1).

41. On February 27, 2021, Defendant failed to properly operate and/or provide a place of public accommodation where individuals with disabilities could have full and equal access, as other members of the public.

42. Defendant's conduct was based solely on Pitts's disability, which is a physical disability, including an impaired ability to walk.

43. The actions of Defendant were, and are, in violation of CDPA.

44. CDPA provides, *inter alia*, that a violation of the ADA also constitutes a violation of CDPA. (Cal. Civil Code §54(d).)

45. As a direct and proximate result of Defendant's actions in violation of CDPA, Pitts suffered actual damages, most significantly, neurological injuries.

46. Pitts is entitled to recover general and special damages, as well as statutory damages up to three times the actual damages pursuant to Cal. Civil Code §54.3.

47. Pitts is also entitled to reasonable attorney's fees and costs of suit.

**FOURTH CAUSE OF ACTION**
**Negligence [*Negligence Per Se*]**
**[Pitts v. Quest]**

48. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 47 hereof as if fully set forth herein.

49. Defendant owed a duty of reasonable care to Pitts.

50. As a result of Defendant's breach of duty of care for Pitts, she fell backwards from attempting to open a non-code compliant heavy door and fell, which resulted in severe physical injury.

51. Defendant is *Negligent Per Se* due to Defendant's violations of the ADA, UCRA, and CDPA.

52. The ADA, UCRA, and CDPA were designed to protect those with disabilities, such as Pitts. Defendant's violation of the ADA, UCRA, and CDPA, therefore, makes Defendant *Negligent Per Se*.

53. At all times on November 15, 2023, Defendant, so negligently and carelessly owned, operated, maintained, controlled, and inspected the subject premises so as to create and/or permit the existence of a barrier to access and dangerous condition of the subject premises and/or on the subject premises. Defendant further failed to guard or warn against said dangerous conditions.

54. Pitts suffered actual damages, including physical injury, as a result of Defendant's discrimination against Pitts and Defendant's failure to safely operate and provide an ADA compliant facility.

55. The subject premises was in a dangerous condition at the time of Pitts's injuries, and the damages to Pitts were caused by these dangerous conditions. Said dangerous condition consisted of a lack of code-compliant, adequate, and/or appropriate facility accessibility for disabled persons at the subject medical premises.

56. As a proximate result of such negligence, carelessness, and unlawfulness of Defendant, Pitts was injured, suffering damages in her health, strength, and activity, sustaining injury and shock to the body, nervous system, and person. More specifically, Pitts suffered severe injury to, but not exclusively, to her head, neck, and overall body. All said injuries have caused, are causing, and will continue to cause Pitts great cognitive, mental, physical, and nervous pain and suffering.

57. As a further proximate result of the negligence of Defendant, Pitts was required to and did employ physicians and/or surgeons for medical and surgical treatment and care. Pitts did incur hospital, medical, and incidental expenses.

58. As a direct result of Defendant's negligence, Pitts suffered, and continues to suffer damages not limited to, both economic and non-economic, physical injuries, medical expenses, known and unknown to Pitts, special and general damages.

59. Pitts is entitled to special and general damages according to proof at trial.

60. Pitts is entitled to civil penalties according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, MARY PITTS, prays for a judgment against Defendant, QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., as follows and as permitted as to each cause of action:

### AS TO THE FIRST CAUSE OF ACTION
### (Violation of ADA)

1. For all such relief, including equitable relief, available under 42 U.S.C. §§12101 *et seq*.;
2. For reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. §§12101 *et seq*.; and
3. For such other relief as the Court deems just and proper.

### AS TO THE SECOND CAUSE OF ACTION
### (Violation of UCRA)

1. For general and special damages according to proof at trial;
2. For statutory damages pursuant to Cal. Civil Code §52(a) including treble damages;
3. For reasonable attorney's fees and costs of suit pursuant to Cal. Civil Code §52(a);
4. For punitive and exemplary damages; and
5. For such other relief as the Court deems just and proper.

### AS TO THE THIRD CAUSE OF ACTION
### (Violation of CDPA)

1. For general damages according to proof at trial;
2. For statutory damages, including treble damages pursuant to Cal. Civil Code §54.3;
3. For reasonable attorney's fees and costs pursuant to Cal. Civil Code §54.3;
4. For punitive and exemplary damages; and
5. For such other relief as the Court deems just and proper.

### AS TO THE FOURTH CAUSE OF ACTION
### (Negligence)

1. For general and special damages according to proof at trial;
2. For such other relief as the Court deems just and proper.

///

///

## DEMAND FOR JURY TRIAL

Plaintiff. MARY PITTS, hereby demands a jury trial on all issues so triable against Defendant, QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.

**LAW OFFICE OF JEREMY M. DOBBINS**

Dated: October 14, 2024

_____
Jeremy M. Dobbins, Esq.
Attorney for Plaintiff, MARY PITTS