UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY PITTS, *by and through his guardian ad litem,* TRACY PITTS<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.,<br><br>Defendant. | CASE NO.: 1:24-cv-01271-JLT-HBK<br><br>ORDER GRANTING PETITION TO APPOINT GUARDIAN AD LITEM<br><br>(Doc. No. 2) |

Petitioner Mary Pitts, through counsel, filed a Petition for Appointment of Guardian Ad Litem on October 17, 2024. (Doc. No. 2, "Petition"). Petitioner seeks appointment of Tracy Pitts as guardian ad litem for Mary Pitts. The Court grants the Petition.

Federal Rule of Civil Procedure 17 provides for a representative of a minor or an incompetent person to sue or defend on a minor or an incompetent's behalf. Fed. R. Civ. P. 17(c). Similarly, this Court's Local Rule 202(a) in pertinent part, states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor ... the attorney representing the minor or incompetent person shall present ... a motion for the appointment of a guardian ad litem by the Court, or ... a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Appointment of a guardian ad litem is not a mere formality because the guardian "is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).  A "guardian ad litem need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1053-54 (E.D. Cal. 2015) (citations omitted).

The court has considered the application of Tracy Pitts for appointment as guardian ad litem for Mary Pitts, who is mentally incapacitated.  Tracy Pitts is not a party to the instant action.  (*See generally* Doc. No. 1).  She is the daughter-in-law of Mary Pitts and currently acts as the "key decision maker" for Mary Pitts' "on-going medical care."  (Doc No. 2, ¶ 6).  Mary Pitts' biological children consent to the appointment of Tracy Pitts as guardian ad litem. (*Id.*, ¶ 8, Exhibit A).  The Court does not find any apparent conflict of interest or any other factors that demonstrate such appointment is not in the best interests of the incompetent Plaintiff.

Accordingly, it is **ORDERED**:

The Petition for Appointment of Guardian Ad Litem (Doc. No. 2) is **GRANTED** and Tracy Pitts is appointed as Plaintiff Mary Pitts' guardian ad litem.

Dated:     November 18, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE
JUDGE