1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY PITTS, as Guardian Ad Litem for MARY PITTS, | Case No. 1:24-cv-01271-JLT-HBK |
| Plaintiff, | ORDER GRANTING DEFENDANT T.A.M. PROP. INC.'S MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES |
| v. | (Doc. No. 29) |
| UNILAB CORPORATION d/b/a QUEST DIAGNOSTICS. and T.A.M. PROP. INC., | |
| Defendants, | |
| UNILAB CORPORATION d/b/a QUEST DIAGNOSTICS, | |
| Third-Party Plaintiff v. | |
| T.A.M. PROP. LLC, | |
| Third Party Defendant, | |

Pending before the Court is Defendant T.A.M. Prop. Inc.'s motion to dismiss filed on March 6, 2025. (Doc. No. 29, "Motion"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), T.A.M. seeks dismissal of Plaintiff's request for punitive damages. The parties consented to have the motion decided by a magistrate judge and the district court reassigned the motion to the undersigned for disposition. (Doc. Nos. 31, 32).

For the reasons set forth below, the Court grants Defendant's Motion to Dismiss without

prejudice to Plaintiff being granted leave to file a second amended complaint.

I.   **BACKGROUND**

**A. Procedural History and Summary of Complaint**

On February 28, 2025, Plaintiff Tracy Pitts, as Guardian Ad Litem for Mary Pitts, filed a First Amended Complaint ("FAC") against Defendants Unilab Corporation d/b/a Quest Diagnostics ("Quest") and T.A.M. Prop. Inc. ("T.A.M."). (Doc. No. 28).

On November 12, 2023, Mary Pitts ("Pitts") visited a Quest location at 325 Mall Dr. in Hanford, California to have blood work done. (Doc. No. 28 at 2). T.A.M. is the owner and lessor of the property. (*Id.*). At the time of her visit, Pitts was eighty-three years old and suffered from a weak gait since having her left hip replaced in June 2020. (*Id.*). The Quest location's entrance door was "unexpectedly heavy" and when Pitts attempted to open it, it knocked her off balance and caused her to fall back and hit her head on the pavement. (*Id.*). She suffered a laceration on her head for which she received staples to close the wound. (*Id.* at 2-3). Subsequent medical examination determined Pitts suffered from a severe concussion. (*Id.* at 3). "No Quest employees or personnel came to help her or check on her." (*Id.*).

Plaintiff alleges Quest and/or T.A.M. "had multiple violations of the American Disabilities Act ('ADA') and the California Disabled Persons Act ('CDPA')" related to the structure and surrounding area, and these deficiencies were a substantial factor in Pitts's fall and injuries. (*Id.*). Plaintiff brings the following causes of action: (1) Violation of the ADA; (2) Violation of the Unruh Civil Rights Act ("UCRA"); (3) Violation of the CDPA; and (4) Negligence. (*Id.* at 3-7). With respect to her UCRA and CDPA claims, Plaintiff seeks punitive damages against Defendants. (*Id.* at 7-8).

**B. Motion to Dismiss**

On March 6, 2025, T.A.M. moved to dismiss the prayer for punitive damages "due to a failure to support the punitive damages by factual allegations." (Doc. No. 29 at 1). T.A.M. argues that while Federal Rule of Civil Procedure 9(b) allows intent to be alleged generally, the factual allegations in support of punitive damages must show that it is plausible such relief would be warranted. (Doc. No. 29-1 at 3-4).

In response, Plaintiff argues the punitive damages claims are properly pled and supported by factual allegations. (Doc. No. 33 at 3). Plaintiff argues that because "violations of the ADA [are] *per se* violations of the UCRA," there is no intent requirement for a UCRA claim and "liability does not depend on proof of intentional discrimination." (*Id.* at 4-5). Similarly, Plaintiff argues there is no need to prove intentional conduct for a CDPA claim. (*Id.*). Thus, Plaintiff's position is that "plaintiffs do not have to plead intent under the UCRA or the CDPA" because "[t]he element is already implied by the access violation" and "[b]y pleading the facts that caused the barrier to access, intent and the oppressiveness as required for a prayer for punitive damages is properly pleaded." (*Id.* at 5-6).

T.A.M. replies that it is "challenging the <u>sufficiency</u> of a claim for punitive damages, not whether they are authorized damages." (Doc. 35 at 1).

## II.    APPLICABLE LAW AND ANALYSIS

### A. Applicable Law

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."[1] *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim to relief). In deciding a motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint and determines whether the factual allegations are sufficient to state a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave

---

[1] The undersigned notes that "[c]ourts disagree as to the appropriate vehicle for challenging an improper request for punitive damages." *Chamberlin v. Hartog, Baer & Hand, APC*, No. 19-cv-08243-JCS, 2020 WL 2322884, at *9 (N.D. Cal. May 11, 2020) (collecting cases). However, in the absence of any argument from Plaintiff that Rule 12(b)(6) is an improper vehicle for T.A.M.'s request and in the absence of controlling authority to the contrary, the Court assumes Rule 12(b)(6) allows dismissal of a claim for punitive damages.

1  to amend should be freely granted." *Winebarger v. Pennsylvania Higher Educ. Assistance
2  Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted). However, where leave
3  to amend would be futile, because "the allegation of other facts consistent with the challenged
4  pleading could not possibly cure the deficiency," leave to amend may be denied. *DeSoto v.
5  Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### B. Plaintiff Fails to State a Claim for Punitive Damages

T.A.M. requests that the Court dismiss Plaintiff's request for punitive damages under California Civil Code § 3294. Of relevance, California Civil Code § 3294(a) allows for an award of punitive damages when "it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Under the statute, malice is "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). Oppression "means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2). Fraud is "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant and thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3). As recognized by the Ninth Circuit, for a punitive damages claim under § 3294 to survive a motion to dismiss, the plaintiff must allege facts that support an inference that the defendant engaged in oppression, fraud, or malice under the statute. *Terpin v. AT&T Mobility LLC*, 118 F.4th 1102, 1112 (9th Cir. 2024).

Here, while the FAC includes allegations related to structural deficiencies in violation of the ADA, UCRA, and CDPA, there are no allegations that T.A.M. was aware of any of these alleged deficiencies prior to Pitts's injury. (*See generally* Doc. 28). Nor are there any other allegations of intentional or despicable conduct. (*Id.*). Plaintiff is certainly correct that intentional conduct is not required for an award of damages on her UCRA claim. S*ee Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009) ("A plaintiff who establishes a violation of the ADA, therefore, need not prove intentional discrimination in order to obtain damages under [California

4

Civil Code] section 52."). But T.A.M. is not challenging whether Plaintiff stated a UCRA claim but rather whether she pled sufficient facts to support her punitive damages request. Because Plaintiff has failed to allege facts supporting that T.A.M. engaged in oppression, fraud, or malice to support an award of punitive damages, her punitive damages claim is insufficiently pled. *See Terpin*, 118 F.4th at 1112 (affirming dismissal of punitive damages claim because plaintiff "failed to allege facts supporting an inference that [defendant's] officers engaged in oppression, fraud, or malice"); *cf. VIRAG, S.R.I. v. Sony Computer Entertainment America, LLC*, No. 3:15-cv-01729-LB, 2015 WL 5000102, at *14 (N.D. Cal. Aug. 21, 2015) (allegations of intentional conduct were sufficient for punitive damages request to survive motion to dismiss); *Attalla v. Ford Motor Co.*, No. CV-13-2862-MWF (VBKx), 2013 WL 12139109, at *1 (C.D. Cal. June 3, 2013) (punitive damages claim under § 3294 survived motion to dismiss because the complaint's allegations that defendant knew of a product defect but concealed its existence without correction were "not conclusory but rather sufficiently put [defendant] on notice as to the basis for [the] claim"); *Uhls v. OfficeMax, Inc.*, No. S02-213WBS/JFM, 2002 WL 33928620, at *2 (E.D. Cal. Dec. 24, 2002) (plaintiff's allegations that defendant had actual knowledge of architectural barriers that would deny people with disabilities equal access but ignored federal law and failed to remove the barriers, "if proven, could establish that defendant 'engaged in despicable conduct with a conscious disregard of the rights or safety of others'" such that punitive damages claim survived dismissal motion).

While the Court finds the FAC fails to state a claim for punitive damages, it is not clear that the allegation of additional facts could not possibly cure the deficiency. *DeSoto*, 957 F.2d at 658. Thus, under the liberal amendment policy favored by Federal Rule of Civil Procedure 15(a), the Court will grant leave to amend.[2]

Accordingly, it is hereby **ORDERED**:

1. T.A.M.'s Motion to Dismiss (Doc. No. 29) under Rule 12(b)(6) is GRANTED without prejudice to Plaintiff being granted leave to amend, if appropriate.

---

[2] Plaintiff's previous amendment corrected an incorrectly named defendant and added T.A.M. but did not otherwise alter the substantive allegations and claims. (*See* Doc. No. 27).

    2. Plaintiff is ordered to file and serve any amended pleading within twenty-one (21) days of this Order.

Dated:   April 2, 2025

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE